Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona  85004
Tel: 602-461-7990
tfoster@thefosterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| TERESA KIRK, on Behalf of Herself and Others Similarly Situated, | Case No.: |
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT** |
| vs. | |
| DEV HOTELS, LLC, an Arizona Corporation, FOUR BROTHERS RESOURCES, LLC, an Arizona Corporation, VIJAY D. AHIR, RAKESH AHIR, DHARMESH AHIR, and NITUN AHIR, | |
| Defendants. | |

        For her Complaint against DEV HOTELS, LLC and FOUR BROTHERS RESOURCES, LLC ("Corporate Defendants"), Vijay D. Ahir, Rakish Ahir, Garmesh Ahir, and Nitun Ahir ("Individual Defendants")[1], Plaintiff Teresa Kirk ("Plaintiff Kirk" or "Class Representative"), referred to jointly as "the parties," alleges as follows:

---

[1] For ease of reference, the Ahir brothers will be referred to jointly as the "Individual Defendants."

## Background Allegations and Jurisdiction

1. At all times relevant to this Complaint, Plaintiff resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

2. At all times relevant to this Complaint, the Companies were Corporations authorized to conduct, and conducting business, in Maricopa County, Arizona.

3. The Companies own, operate, and/or manage low cost or budget motels and hotels throughout the State.

4. The Company provides lodging to guests that are both local to Arizona and those traveling to/from other states across the United States.

5. At all times relevant to this Complaint, Defendant Vijay Ahir was the owner and operator of the "Budget Motel," also known as the "OYO Motel," located on 28th Street and Van Buren in Phoenix, Arizona.

6. At all times relevant to this Complaint, Defendant Dharmesh Ahir was the owner and operator of the "Paradise Motel," located on 24th Street and Van Buren in Phoenix, Arizona.

7. At all times relevant to this Complaint, Defendant Rakish Ahir was the owner and operator of the "Circle K Motel," located on 17th Street and Van Buren in Phoenix, Arizona.

8. Upon information and belief, the Individual Defendants all have an ownership interest in the Corporate Defendants.

9. The Individual Defendants, as well as other yet unnamed managers, exercise managerial responsibility and substantial control over the terms and work conditions of the motels' employees.  Among other things, the Individual Defendants are individually and jointly authorized to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, maintain any employment records that may exist, and draft, implement, and enforce employee policies.

10. Plaintiff Kirk is a current employee of Defendants.

11.     Plaintiff Kirk was hired in November 2018.

12.     At all times relevant to this Complaint, the Corporate Defendants employed Plaintiff Kirk as its "manager" at the "Budget Motel" or "Oyo Motel."

13.     As its manager, Plaintiff Kirk was required to perform all duties to operate the motel.  Those duties include, but are not limited to, renting the rooms, taking payment, cleaning the rooms, assisting guests in all needs and requests, and cleaning the property.

14.     Any guest call – at any time of day or night – rings to Plaintiff Kirk.

15.     Plaintiff Kirk is required to respond to any call at any time.

16.     Plaintiff Kirk is the motel's only manager and resides onsite.

17.     Plaintiff Kirk is required to work and/or be available every day for 24 hours each day.

18.     Defendants have told Plaintiff Kirk to tell any authorities, if they should come to the property, that she has two days off each week and works only 40 hours per week.

19.     Defendants pay Plaintiff Kirk approximately $436 each week.

20.     Defendants have other motels and/or hotels throughout the State.

21.     Upon information and belief, those motels/hotels have a "manager" position, with similar duties, schedules, and pay as Plaintiff Kirk.

22.     The prospective Class Members that Plaintiff Kirk would represent are current and former "managers" employed by Defendants for any time during August 2016 to present ("Violative Period").

23.     The prospective Class Members were employed by the Defendants throughout Arizona.

24.     At all times relevant to this Complaint, Defendants employed all prospective Class Members in the role of "managers" or "front desk attendants" during the Violative Period.

25.     The Corporate Defendants are employers as defined in 29 U.S.C. § 203(d).

26.     The Individual Defendants are "persons" as defined in the respective federal and state wage laws.

27.    The Corporate Defendants are employers as defined in A.R.S. § 23-350(3).

28.    Plaintiff and each prospective Class Member were Defendants' employees as defined in 29 U.S.C. § 203(3)(1).

29.    Plaintiff and each prospective Class Member were engaged in commerce on behalf of Defendants, as defined in the Fair Labor Standards Act ("the Act").  *See* 29 U.S.C. § 203(b); *see also* 29 C.F.R. § 776.9 ("[i]t is clear that the employees covered by the wage and hour provisions of the Act as employees 'engaged in commerce' are employees doing work involving or related to the movement of persons or things . . . among the several states or between any State and any place outside thereof.").

30.    Defendants are not exempt from paying Plaintiff and each prospective Class Member for work performed as required by the Act.

31.    Jurisdiction and venue are appropriate in this Court.

## General Factual Allegations

32.    Upon information and belief, Defendants have employed approximately 50 "managers" and/or "front desk attendants" at their various motels during the Violative Period.

33.    Plaintiff Kirk, and each prospective Class Member, is non-exempt and performs a majority of non-exempt tasks for Defendants.

34.    Plaintiff Kirk, and each prospective Class Member, did not have the authority to hire, fire, or supervise employees.

35.    Throughout all times relevant to this Complaint, Defendants have misclassified Plaintiff Kirk and each prospective Class Member as exempt.

36.    Defendants failed to pay Plaintiff Kirk, and each prospective Class Member, for the time that she worked and further failed to pay overtime as required by federal and state laws.

## Allegations Regarding Pay Checks

37.    Plaintiff Kirk, and each prospective Class Member, are not provided with pay stubs.

38.     Rather, Plaintiff Kirk, and each prospective Class Member, receive a net paycheck with the payroll period denoted in the "notes" field.

39.     None of the paychecks provide any overtime pay.

40.     None of the paychecks pay any Plaintiff for the hours actually worked.

41.     Plaintiff Kirk, and each prospective Class Member, works regularly in excess of 40 hours during a week without being compensated overtime.

**Truly Full-Time Job**

42.     Plaintiff Kirk, and the prospective Class Members, work and are expected to be available to work 24 hours per day and seven days each week, or 168 hours each week.

43.     When Plaintiff Kirk would request help with tasks, like cleaning rooms, Defendants refused to provide any assistance.

44.     Rather, Defendants told Plaintiff Kirk that she could get people to volunteer or she could pay them to help her.

45.     Upon information and belief, the prospective Class Members were given similar instructions.

**Collective Action Allegations**

46.     Plaintiff Kirk brings this Collective Action on her own behalf, and pursuant to Section 216(b) of the Act, on behalf of the following prospective Class Members ("Class Members").

47.     The Class is initially defined as:  any current or former employee of Defendants engaged as a manager or front desk attendant July 29, 2016 to date of filing.

48.     *Numerosity.*  The number of Class Members is so numerous that joinder of all individuals to a single complaint would be impractical.  Though the exact number of Class Members is unknown and in complete control of Defendants, based upon the number of hotels and the rate of turnover, it is reasonable to believe that there are a minimum of 50 prospective Class Members.  The Class Members are readily identifiable from Defendants' employment and payroll records.

49.     *Commonality and Predominance.*  There are questions of law and fact common to all Class Members.  These common questions include, but are not limited to:

    a.  Did Defendants fail to pay Class Members for hours worked?

    b.  Did Defendants misclassify Class Members and fail to pay required overtime?

50. *Typicality.*  Plaintiff's claims are typical of all other Class Members.  Plaintiff, like all other Class Members, is a manager or front desk attendant and performed work for Defendants and was compensated/uncompensated in the same manner as other similarly-situated employees.

51. *Adequacy of Representation.*  Plaintiff will fairly and adequately represent the Class Members.  Plaintiff is a current employee and engaged as the same during the most recent 10 months of the Violative Period; Plaintiff has the same non-conflicting interests as the other Class Members.  Plaintiff has retained competent counsel that has experience in litigating Class Action and Collective Action matters, including certified Class Actions that involve employment and commercial litigation claims, including wage and hour matters.  As such, the Class Members' claims will be fairly and adequately represented by Plaintiff and her counsel.

52. *Superiority of Class Action.*  A class/collective action is superior to other available methods for adjudicating the claims effectively and efficiently.  The adjudication through class will avoid potentially inconsistent and conflicting results of the asserted claim.  There will be no difficulty in managing the Class, and a single adjudication of the claim will substantially benefit the Class Members and the Court.  Damages for individual Class Members are likely inadequate to justify the cost of individual litigation.  As such, absent class treatment, Defendants' willful violations of law inflicting significant damages in the aggregate would go unremedied.

53. Class certification is also appropriate under *Fed. R. Civ. P. 23(a) and (b) (2)* because Defendants have acted or refused to act on grounds generally applicable to the Class Members, such that final injunctive relief or declaratory relief is appropriate to the Class as a whole.

54. For all of the reasons outlined above, this matter could also be conditionally certified as a Collective Action pursuant to Section 216(b) of the Act.

### Claim:  Violation of FLSA and State Laws (Minimum Wage/Overtime)
### (Against All Defendants)

55.     Plaintiff Kirk re-alleges and incorporates by reference paragraphs 1-54 as if fully set forth herein.

56.     Defendants failed to pay Plaintiff, and prospective Class Members, for work performed during the Violative Period in violation of the Act.

57.     Defendants required Plaintiff, and prospective Class Members, to work 168 hours each week.

58.     Defendants have willfully misclassified Plaintiff, and prospective Class Members, as exempt.

59.     As such, Defendants have failed to pay Plaintiff, and prospective Class Members, for a majority of the hours actually worked.

60.     Further, Defendants have failed to pay Plaintiff, and prospective Class Members, for the overtime worked in excess of 40 hours each week.

61.     All of this has been to Defendants' financial benefit and to Plaintiffs' detriment.

62.     Defendants' actions were willful in that they directed Plaintiff Kirk, and other prospective Class Members, to inform authorities that she only worked 40 hours each week.

63.     As such, Defendants failed to pay Plaintiff and prospective Class Members the federal minimum wage and overtime.

64.     Plaintiff, and each prospective Class Member, is entitled to recover all unpaid wages, liquidated damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs of the action.

### Conclusion

**THEREFORE**, Plaintiff, and each prospective Class Member, respectfully requests the following relief:

A.  An award of unpaid wages in an amount appropriate to proof adduced at trial pursuant to 29 U.S.C. § 207 and 216(b) and A.R.S. §  23-355 and 23-362.

B.  An award of liquidated damages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. § 216(b);

C.  Statutory penalties for willful violations of 26 U.S.C. § 7434;

D.  Punitive damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-355;

E.  An award of treble damages pursuant to A.R.S. § 23-355;

F.  Pre- and post-judgment interest on the amount of unpaid wages; and

G.  An Injunction against Defendants prohibiting further, and continued violations, of the Act and Arizona Fair Wages Act.

**DATED** this 8th day of August, 2019.

**The Foster Group, PLLC**

*/s/ Troy P. Foster*
Troy P. Foster
518 East Willetta Street
Phoenix, Arizona 85004
*Counsel for Plaintiffs*