**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Kirk, | No. CV-19-04918-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Dev Hotels LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to dismiss, which is fully briefed. (Docs. 24, 32, 33.) For the following reasons, Plaintiff's motion to dismiss is granted.[1]

**I. Background**

On August 8, 2019, Plaintiff filed her complaint, alleging Fair Labor Standards Act ("FLSA") violations against Defendants, her former employer. (Doc. 1.) She contends that Defendants required her to be available 168 hours each week but failed to pay her the federal minimum wage and overtime. (*Id.* at 7.) In their answer, Defendants raise a counterclaim against Plaintiff for breach of fiduciary duty, asserting that Plaintiff "engaged in a scheme to defraud, embezzle and convert tens of thousands of dollars from Dev Hotels in order to enrich herself and allow her friends, acquaintances, and others to engage in illegal, criminal, and dishonest practices at the Budget Motel." (Doc. 21 at 8.) On

---

[1] Defendants' request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

September 18, 2019, Plaintiff filed a motion to dismiss Defendants' counterclaim for lack of subject matter jurisdiction. Plaintiff's motion is now ripe.[2]

**II. Legal Standard**

In certain instances, federal courts may maintain supplemental jurisdiction over counterclaims that have no other basis for jurisdiction. 28 U.S.C. § 1367. Particularly, "a court has jurisdiction over state law claims that are so related to claims brought under the Court's federal question jurisdiction that they form part of the same case or controversy under Article III." *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1050 (D. Ariz. 2018) (quotations omitted). To determine whether a counterclaim constitutes part of the same case or controversy, "the Court must determine whether the federal claim and the state claim arise from the same 'common nucleus of operative fact.'" *Id.* (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005)). The Ninth Circuit applies the "liberal logical relationship test" which studies "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F. 2d 1246, 1249 (9th Cir. 1987) (citation omitted). In applying the test, the Court assumes the factual allegations in the challenged pleadings are true and draws all reasonable inferences in the non-moving party's favor. *Poehler v. Fenwick*, No. CV-15-1161-JWS, 2015 WL 7299804, at *1 (D. Ariz. Nov. 19, 2015).

**III. Analysis**

It is undisputed that there is no independent basis for the Court's jurisdiction over Defendants' counterclaim for breach of fiduciary duty. Plaintiff argues that Defendants' counterclaim should be dismissed because accusations that Plaintiff engaged in illegal or fraudulent conduct while working at Dev Hotels are unrelated to the issues central to her FLSA claim—the hours she worked or the wages or overtime compensation she was paid—and therefore do not share the same common nucleus of operative fact. (Doc. 24 at 3.)

---

[2] The Court refrains from considering Defendants' Exhibit A, attached to its response, because reviewing evidence outside the pleadings is inappropriate at the motion to dismiss stage. *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Defendants respond that their counterclaim is compulsory because any illicit activity engaged in by Plaintiff on their premises arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim—Plaintiff's employment and activity during said employment. (Doc. 32 at 5.)

The Court agrees that it would be inappropriate to exercise supplemental jurisdiction over Defendants' counterclaim. Notably, considerations of judicial economy and fairness do not dictate that these issues be resolved in one lawsuit. Discovery for Plaintiff's claim will focus on Plaintiff's status as an employee, the hours she worked, whether an exemption applies to determine whether she is owed wages and overtime, and whether any violations by Defendants were willful. Conversely, Defendants' counterclaim would demand entirely different discovery related to the alleged "subvert hotel business operations" and drug-dealing engaged in by Plaintiff on Defendants' property.

In addition, the Court cannot agree that Defendants' counterclaim "almost mirrors" the issues raised by Plaintiff's FLSA claim. *See* Fed. R. Civ. P. 13(a)(1)(A). Rather, the "two sets of claims overlap only insofar as each arises from [P]laintiff's employment relationship with [Defendants.]" *Ader*, 324 F. Supp. 3d at 1051 (dismissing the defendant's counterclaim alleging that plaintiff engaged in self-dealing while employed with the defendant, concluding that the counterclaim was insufficiently related to the plaintiff's FLSA claim).

Even if there were a greater nexus between Plaintiff's claim and Defendants' counterclaim, policy considerations nevertheless compel the Court to decline to exercise jurisdiction. This district previously has done so under similar circumstances, noting "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Poehler*, 2015 WL 7299804, at *7 (citations omitted). Accordingly,

//

//

**IT IS ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaim for breach of fiduciary duty (Doc. 24) is **GRANTED**.

Dated this 6th day of November, 2019.

Douglas L. Rayes
United States District Judge